Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SABER AHMED, individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br>v.<br><br>HSBC BANK USA, NATIONAL ASSOCIATION, and DOES 1-10, inclusive,<br>               Defendant(s). | Case No:<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>(1)  Unfair Business Acts and Practices (Cal. Business & Professions Code §§ 17200 *et seq.*)<br>(2)  Unlawful Business Acts and Practices (Cal. Business & Professions Code §§ 17200 *et seq.*)<br>(3)  Fraudulent Business Acts and Practices (Cal. Business & Professions Code §§ 17200 *et seq.*)<br>(4)  Misleading and Deceptive Advertising (Cal. Business & Professions Code §§ 17200 *et seq.*)<br>(5)  Untrue Advertising (Cal. Business & Professions Code §§ 17200 *et seq.*) |

## INTRODUCTION

1.      This is a proposed class action, brought on behalf of all those who were forced to pay higher mortgage payments without authorization from four years since the filing of this complaint to the present.

2.      Defendant had a policy and practice whereby it would agree to receive certain payments on mortgages with its consumers and then raised the amount that consumers without consideration or agreement by these consumers.

3.      Often times, Defendant would represent that consumers were forced to pay for insurance in order to deceive its consumers into believing that they owed a higher mortgage payment.

4.      Upon information and belief, Defendant has been fully aware and intended at the time of agreeing to certain mortgage payments that it would in fact charge consumers a higher amount. Defendant made such false representations in order to induce consumers to purchase mortgages from Defendant under false pretenses and take advantage of them.

5.      This complaint seeks injunctive, declaratory and monetary relief for Plaintiffs and the proposed Class, as outlined in greater detail herein.

## JURISDICTION AND VENUE

6.      There is federal subject matter jurisdiction over this matter under the Class Action Fairness Act in that it is a proposed class action, there are more than 100 members of the Class, at least some class members and some defendants are citizens of different states, and the amount in controversy is more than $5 million.

## THE PARTIES

7.      Defendant HSBC BANK USA, NATIONAL ASSOCIATION is a National Association with its principle place of business in Virginia.

8.      Plaintiff Saber Ahmed ("Ahmed") resides in Riverside, California.

9.      Like all members of the proposed class, Plaintiff was charged higher payments on his mortgage between four years of filing the complaint and the present.

10.     The above named Defendants, and their subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sue such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

11.     Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiffs are informed and believe that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## CLASS ACTION ALLEGATIONS

12.     Plaintiffs bring this action as a class action pursuant to Fed. R. Civ. P. 23, on behalf of a Class ("the Class") defined as:

>      **All persons who, were charged higher payments
>      than agreed to without authorization by Defendant
>      in the United States.**

13.     The members of the Classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

14.     Upon information and belief, the proposed Classes are each composed of over thousands of persons.

15.    No violations alleged in this complaint are a result of any oral communications or individualized interaction of any kind between Class members and Defendants.

16.    Rather, all claims in this matter arise from the identical, false, written affirmative statements of increased collection amounts as outlined in detail herein.

17.    There are common questions of law and fact affecting the rights of all Class members, including, <u>inter alia</u>, the following:

    a.    Whether Defendants' actions, as outlined herein, violated the California Business & Professions Code § 17200 <u>et seq</u>.;

    b.    Whether Defendants' actions, as outlined herein, violated the California Business & Professions Code § 17500 <u>et seq</u>.;

    c.    Whether Plaintiff Ahmed and Class Members are entitled to equitable relief and/or restitution;

    d.    Whether Defendant's unlawful, unfair, and/or deceptive practices harmed Plaintiff Ahmed and Class Members; and

    e.    The method of calculation and extent of damages for Plaintiff Ahmed and Class Members.

18.    Plaintiff Ahmed is a member of the Class he seeks to represent.

19.    The claims of Plaintiff is not only typical of all Class members, they are identical.

20.    All claims of Plaintiff and the Class arise from the identical false, written statement of affirmative fact on the collection statements as described herein.

21.    All claims of Plaintiff and the Class are based on the same legal theories.

22.    All claims of Plaintiff and the Class are based on the same legal theories.

23.    Plaintiff has no interest antagonistic to, or in conflict with the Class.

24.     Plaintiff will thoroughly and adequately protect the interests of the Class, having retained qualified and competent legal counsel to represent herself and the Class.

25.     Defendants have acted and refused to act on grounds generally applicable to the Class, thereby making appropriate injunctive and declaratory relief for the class as a whole.

26.     The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

27.     A class action is the only practical, available method for the fair and efficient adjudication of the controversy since, inter alia, the damages suffered by each class member were not large and, as such, individual actions are not economically feasible.

28.     Common questions will predominate, and there will be no unusual manageability issues.

## FACTUAL ALLEGATIONS

29.     Defendants are in the business of financing, marketing, and/or selling mortgages to consumers at agreed upon monthly payments.

30.     In actuality, Defendants never intended to charge the agreed upon monthly payments and increased the price of the payments consumers were required to pay without their authorization or consent.

31.     Defendants, as financers, marketers and/or sellers of these mortgages have been aware that they would increase the price of the payments consumers would pay.

32.     Prior to September 14, 2016, Plaintiff entered into a mortgage agreement with Defendants whereby Plaintiff agreed to pay $1,773.94 a month.

33.     On or about September 14, 2016, Plaintiff noticed that on his billing statements that Defendants have begun charging him for Hazard Escrow

insurance without his knowledge or authorization. In fact, Plaintiff already had home owner's insurance through a different company.

34.    In particular, Plaintiff had home owner's insurance through Intersurance Exchange of the Automobile Club.  Plaintiff has had this home owner's insurance policy and provided the Declaration to Defendant's since at least 2012.

35.    On or about April of 2016, Plaintiff's insurance company had transmitted by mail the relevant declarations to Defendant.  Despite this, Defendants improperly charged Plaintiff for unnecessary and duplicative homeowner's insurance.

36.    To date, Defendants have charged Plaintiff thousands of dollars that he does not owe as a result of Defendants deceptive business practices.

37.    Plaintiff felt misled by Defendants'. Plaintiffs purchased the mortgage because of the agreed upon mortgage payments.

38.    Despite all of the foregoing, Defendants continue to engage in similar deceptive and fraudulent business practices throughout the United States.

## COUNT I
## CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 et seq.
### Unlawful Business Acts and Practices

39.    Plaintiff Ahmed incorporates all preceding paragraphs of this complaint as if set forth fully herein.

40.    Defendants' conduct as set forth herein constitutes unlawful business acts and practices within the meaning of the California Business & Professions Code §17200, et seq.

41.    Defendants' business practices, as described herein, are unlawful under section 17200, et seq. by virtue of Defendants' violations false advertising.

42.    Defendants sold Plaintiff Ahmed and the members of the Class the Product.

43.     As a result of Defendants' illegal business practices, Plaintiff Ahmed and the members of the Class, pursuant to California Business and Professions Code section 17203, are entitled to an order enjoining such future conduct and such other orders and judgments which may be necessary to disgorge Defendants' ill-gotten gains and to restore to Plaintiff Ahmed and members of the Class any money paid for the Product.

44.     Defendants' unlawful business acts present a threat and a reasonable continued likelihood of injury to Plaintiff and members of the Class.

45.     As a result of Defendants' conduct, Plaintiff and members of the Class, pursuant to California Business and Professions Code section 17203, are entitled to an order enjoining such future conduct by Defendants, and such other orders and judgments which may be necessary to disgorge Defendants' ill-gotten gains and restore to Plaintiff Ahmed and members of the Class any monies paid for the Product.

<u>COUNT II</u>

**CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 <u>et</u> <u>seq</u>.**

**Unfair Business Acts and Practices**

46.     Plaintiff Ahmed incorporates all preceding paragraphs of this complaint as if set forth fully herein.

47.     Defendants' conduct as set forth herein constitutes unfair business acts and practices within the meaning of the California Business and Professions Code § 17200, <u>et</u> <u>seq</u>.

48.     Defendants sold the Mortgages during the relevant class period applicable to Plaintiff Ahmed and the members of the Class.

49.     Plaintiff Ahmed and the members of the Class suffered a substantial injury by virtue of buying the Mortgages which they would not have suffered absent Defendants' illegal conduct.

50.     Defendants' deceptive marketing, advertising, and labeling of the Product and their sale of unsalable misbranded products that were illegal to possess was of no benefit to consumers, and the harm to consumers and competition is substantial.

51.     Defendants sold the product to Plaintiff Ahmed and the Class.

52.     Plaintiff Ahmed and the members of the Class had no way of reasonably knowing that the mortgages were misbranded and was not properly marketed and advertised, and thus they could not have reasonably avoided the injury each of them suffered.

53.     The consequences of Defendants' conduct as set forth herein outweigh any justification, motive or reason therefor.  Defendants' conduct is and continues to be immoral, unethical, unscrupulous, contrary to public policy, and is substantially injurious to Plaintiff Ahmed and the Class.

54.     Pursuant to Business and Professions Code § 17203, and as a result of Defendants' conduct, Plaintiff Ahmed and the Class are entitled to an order enjoining such future conduct by Defendants, and such other orders and judgments which may be necessary to disgorge Defendants' ill-gotten gains and restore any money paid by Plaintiff Ahmed and the members of the Class to purchase the Product from Defendants in California.

## COUNT III

### CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 et seq.

### Fraudulent Business Acts and Practices

55.     Plaintiff Ahmed incorporates all preceding paragraphs of this complaint as if set forth fully herein.

56.     Defendants' conduct as set forth herein constitutes fraudulent business practices under California Business and Professions Code section 17200, et seq.

57.     Defendants' conduct in misleading marketing and advertising of the mortgages originated from and was approved by Defendants'.

58.     Defendants' misleading marketing and advertising of the mortgages and their misrepresentations that the Mortgages was salable, capable of legal possession and not misbranded were likely to deceive reasonable consumers and, in fact, Plaintiff Ahmed and the members of the Class were deceived.  By the acts set forth herein, Defendants have engaged in fraudulent business acts and practices.

59.     Defendants' fraud and deception caused Plaintiff Ahmed and members of the Class to purchase the mortgages from Defendants which they would have not otherwise purchased had they known the true nature of the mortgages.

60.     Defendants sold Plaintiff Ahmed and members of the Class the Mortgages, which was not capable of being sold or held legally and which was legally worthless.  Plaintiff Ahmed and members of the Class paid a premium price for the Mortgages.

61.     As a result of Defendants' conduct as set forth herein, Plaintiff Ahmed and members of the Class, pursuant to California Business and Professions Code section 17203, are entitled to an order enjoining such future conduct by Defendants, and such other orders and judgments which may be necessary to disgorge Defendants' ill-gotten gains and restore any money paid on the increased mortgages by Plaintiff Ahmed and members of the Class.

## COUNT IV

## CALIFORNIA BUSINESS & PROFESSIONS CODE § 17500 et seq.

### Misleading and Deceptive Advertising

62.     Plaintiff Ahmed incorporates all preceding paragraphs of this complaint as if set forth fully herein.

63.     Plaintiff Ahmed asserts this cause of action for violations of California Business and Professions Code § 17500, et seq. for misleading and deceptive advertising against Defendants on behalf of the Class.

64.     Defendants sold the mortgages to Plaintiff Ahmed and the members of the Class.

65.     By the acts alleged herein, Defendants engaged in a scheme of offering the mortgages for sale to Plaintiff Ahmed and the members of the Class by way of, inter alia, marketing and advertising.

66.     These materials misrepresented and/or omitted the true contents and nature of Defendants' mortgages, as outlined in greater detail previously.

67.     Defendants' marketing for the mortgages were used come within the definition of advertising as contained in California Business and Professions Code § 17500, et seq. in that such marketing were intended as inducements to purchase the mortgages and are statements disseminated by Defendants to Plaintiff Ahmed and the Class that were intended to reach members of the Class.

68.     Defendants knew, or in the exercise of reasonable care, should have known, that these statements were misleading and deceptive as set forth herein.

69.     Plaintiff Ahmed and the members of the Class necessarily and reasonably relied on Defendants' advertising, and were the intended targets of such representations.

70.     Defendants' conduct in disseminating misleading and deceptive statements in California to Plaintiff Ahmed and the members of the Class was and is likely to deceive reasonable consumers by obfuscating the true composition and nature of the Mortgages in violation of the "misleading prong" of California Business and Professions Code § 17500, et seq.

71.     As a result of Defendants' violation of the "misleading prong" of California Business and Professions Code § 17500, et seq., Defendants have been

unjustly enriched at the expense of Plaintiff Ahmed and the members of the Class.

72. Pursuant to California Business and Professions Code § 17535, Plaintiff Ahmed and the members of the Class are entitled to an order enjoining such future conduct by Defendants, and such other orders and judgments which may be necessary to disgorge Defendants' ill-gotten gains and restore any money paid for increased mortgages.

**COUNT V**

**CALIFORNIA BUSINESS & PROFESSIONS CODE § 17500 <u>et</u> <u>seq</u>.**

**Untrue Advertising**

73. Plaintiff Ahmed incorporates all preceding paragraphs of this complaint as if set forth fully herein.

74. Plaintiff Ahmed asserts this cause of action against Defendants on behalf of the Class for violations of California Business and Professions Code § 17500, <u>et</u> <u>seq</u>., regarding untrue advertising.

75. Defendants engaged in a scheme of offering the Mortgages for sale to Plaintiff Ahmed and the members of the Class by way of advertising and marketing, as outlined herein.

76. These materials misrepresented and/or omitted the true contents and nature of the Mortgages.

77. With regard to sales of the Mortgages during the class period relevant to the Class, Defendants' advertisements and inducements come within the definition of advertising as contained in California Business and Professions Code § 17500, <u>et</u> <u>seq</u>.

78. Defendants knew, or in the exercise of reasonable care, should have known that these statements were untrue.

79.     Plaintiff Ahmed and the members of the Class were the intended targets of such representations and would reasonably be deceived by Defendants' materials.

80.     Defendants' conduct in disseminating untrue advertising deceived Plaintiff Ahmed and members of the Class by obfuscating the true contents, nature and quality of the Product in violation of the "untrue prong" of California Business and Professions Code § 17500.

81.     As a result of Defendants violations of the "untrue prong" of California Business and Professions Code § 17500, et seq., Defendants have been unjustly enriched at the expense of Plaintiff and the members of the Class.

82.     Pursuant to California Business and Professions Code § 17535, Plaintiff Ahmed and the members of the Class are entitled to an order enjoining such further conduct by Defendants, and such other orders and judgments which may be necessary to disgorge Defendants' ill-gotten gains and restore any money paid for the Product by Plaintiff Ahmed and the members of the Class.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks this court to:

a. Certify the proposed Classes pursuant to Fed. R. Civ. P. 23;

b. Enter an order for injunctive, equitable and declaratory relief as described herein;

c. Enter judgment in favor of each class member for damages suffered as a result of the conduct alleged herein, to include interest and pre-judgment interest;

d. Award restitution and disgorgement of ill-gotten gains to Plaintiff and the putative class;

e. Award plaintiffs reasonable attorneys' fees and costs;

a. Award plaintiffs and the class treble damages where appropriate; and

b.  Grant such other and further legal and equitable relief as the court deems just and equitable.

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury as to all issues so triable.

November 2, 2016                    **LAW OFFICE OF TODD M. FRIEDMAN**
                                         By:  s/Todd M. Friedman
                                              Todd M. Friedman
                                              Attorney for Plaintiff